**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4685**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KSHAWN MALIK HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (3:11-cr-00049-HEH-1)

Submitted:  February 23, 2012        Decided:  March 12, 2012

Before MOTZ, DUNCAN, and FLOYD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Lawrence H. Woodward, Jr., SHUTTLEWORTH, RULOFF, SWAIN, HADDAD & MORECOCK, P.C., Virginia Beach, Virginia, for Appellant. Jamie L. Mickelson, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kshawn Malik Hill pled guilty, pursuant to a plea agreement, to one count of carjacking and two counts of possession of a firearm in furtherance of a crime of violence. He was sentenced to a term of 520 months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Hill's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether Hill's guilty plea was knowing and voluntary and whether counsel was ineffective in advising Hill to plead guilty. The Government moved to dismiss Hill's appeal based on his appellate waiver. Hill has not filed a pro se supplemental brief. For the following reasons, we dismiss in part and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A valid waiver will preclude appeal of a given issue if the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. Id.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. This determination, often made

based on the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, ultimately turns on an evaluation of the totality of the circumstances. Id. These circumstances include all of "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." Id. (internal quotation marks omitted).

Here, a review of the record indicates that the district court fully complied with Fed. R. Crim. P. 11 when accepting Hill's plea and specifically reviewed the terms of his plea agreement with him, including his appellate waiver. Given no indication in the record to the contrary, we find that Hill's waiver of appellate rights is valid and enforceable. Accordingly, we grant the Government's motion to dismiss Hill's appeal of any issues covered by the waiver.

We find, however, that Hill's appellate waiver does not prevent our review of Hill's claim of ineffective assistance of counsel regarding counsel's advice to plead guilty. A waiver of appeal rights will not bar appellate review of such a claim if it contains a "colorable claim" that the plea agreement "is tainted by constitutional error," such as involuntariness or the lack of the effective assistance of counsel. See, e.g., United States v. Attar, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994) (regarding motion to withdraw guilty plea). Because Hill raises

3

a claim that his attorney's ineffectiveness rendered his plea involuntary, we deny the Government's motion to dismiss Hill's appeal as to this claim.

We affirm the judgment as to the ineffective assistance of counsel claim because ineffective assistance does not conclusively appear on the record. See Massaro v. United States, 538 U.S. 1690, 1693-94 (2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (ineffective assistance claims are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance).

In accordance with Anders, we have reviewed the record in this case, mindful of the scope of the appellate waiver, and have found no meritorious issues for appeal. We therefore affirm in part and dismiss in part. This court requires that counsel inform Hill, in writing, of his right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
